Jeremy L. Bordelon, OSB No. 160789
jeremy@evergreendisability.com
Evergreen Disability Law
465 Northeast 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| EDWARD WILLIAMS,<br>　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED PARCEL SERVICE<br>OF AMERICA, INC., and<br><br>THE UPS FLEXIBLE BENEFITS PLAN,<br>　　　Defendants. | Civil No. 3:20-cv-00820<br><br>COMPLAINT TO ENJOIN ERISA<br>VIOLATIONS AND FOR PENALTIES FOR<br>FAILURE TO SUPPLY INFORMATION |

　　　Plaintiff, Edward Williams, makes the following representations to the Court for the purpose of enjoining the Defendants from their violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), and for failure to provide information required by ERISA in response to his written requests.

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

PLAINTIFF'S COMPLAINT　　　　　　　　1

2. Venue is proper within the District of Oregon pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach took place. Specifically, Plaintiff resided in this district at the time defendant failed to deliver requested information to him.

## PARTIES

3. Plaintiff, Edward Williams (hereinafter, "Plaintiff"), is currently and was at all times relevant to this case a resident of Clackamas County, Oregon.

4. Defendant United Parcel Service of America, Inc. ("UPS") is a Delaware corporation with its headquarters in Atlanta, Georgia. It is registered as a foreign corporation doing business in Oregon, and may be served through its registered agent for service of process in the State of Oregon, Corporation Service Company, 1127 Broadway Street Northeast, Suite 310, Salem, Oregon 97301.

5. UPS is the Plan Administrator of the UPS Flexible Benefits Plan, an employee welfare benefit plan as defined by ERISA.

6. The UPS Flexible Benefits Plan may be served with process through UPS as its Plan Administrator.

## FACTS

7. UPS created and is the Plan Sponsor of the UPS Flexible Benefits Plan (the "Plan"), which provides various employee benefits to employees of UPS.

8. UPS is the Plan Administrator of the Plan.

9. Plaintiff was employed by UPS until at least April 21, 2017.

10. After April 21, 2017, Plaintiff ceased work due to a disability and filed claims for short term disability (STD) and long term disability (LTD) benefits available under the Plan.

11. In connection with those claims for disability benefits, Plaintiff sent a written request for plan documents and other related information to UPS on June 18, 2019.

12. Plaintiff's June 18, 2019 letter was mailed on that date via certified mail, and was delivered to UPS on June 21, 2019.

13. Plaintiff's June 18, 2019 letter requested, *inter alia*:

    - A copy of any plan documents, including but not limited to summary plan descriptions, policies, master plan documents, trust documents, a copy of the contracts for STD and LTD coverage between the Plan and its insurer or claims administrator, as well as any other relevant documents concerning [Plaintiff's] claims for these benefits.

    - A copy of any plan documents (as described in the previous paragraph) for any other employee benefit plans which provide benefits on the basis of disability, such as health insurance continuation due to disability, early pension or retirement benefits due to disability, continued pension credits or retirement plan matching due to disability, etc.

    - A copy of any documentation in your company's possession regarding [Plaintiff] or his claim for benefits, including applications for benefits, personnel file(s), and separately-stored protected health information; [and]

    - Please include [Plaintiff's] payroll printout for the 12-month period prior to disability and note whether the compensation was for actual hours worked, earned time off, sick pay, vacation pay, holiday pay or short term disability, etc.

14. UPS responded to Plaintiff's first request for information by letter dated July 26, 2019.

PLAINTIFF'S COMPLAINT                 3

15. UPS's response included a Summary Plan Description (SPD) for the Plan which stated it was "effective January 1, 2010." Summaries of Material Modifications (SMMs) for the Plan were also included, dated September, 2010 and December, 2010.

16. The SPD contained a clause stating that "This booklet as updated by any future summary of material modification, constitutes your Summary Plan Description (SPD) for The Flexible Benefits Plan. In addition, this SPD, as the official Plan document, governs the Plan."

17. No other documents purporting to be "official Plan documents" dated later than 2010 were provided with UPS's response.

18. The SPD stated that LTD benefits were funded by an insurance policy underwritten by Metropolitan Life Insurance Company (MetLife), that MetLife was the claims administrator for LTD claims, that MetLife was the party to whom such claims should be directed, and that MetLife would consider all appeals of any denied LTD claims.

19. The SPD also stated that life insurance benefits were insured and administered by Prudential Insurance Company of America.

20. With its response, UPS also provided a copy of a Department of Labor Form 5500 which it filed for the year 2017.

21. UPS's 2017 5500 form stated that LTD benefits under the Plan were insured by Aetna Life Insurance Company, contract number "0001753-DISABIL."

PLAINTIFF'S COMPLAINT                4

22. UPS's 2017 5500 form stated that life insurance benefits under the Plan were insured by Prudential Life Insurance Company.

23. With its response, UPS also provided a copy of an LTD insurance policy, issued by Aetna Life Insurance Company to UPS, policy number GP-839230-GID.

24. With its response, UPS provided a copy of a life insurance policy issued by Securian Life Insurance Company to UPS, policy number 70288.

25. In its cover letter accompanying these materials, UPS stated that "We have enclosed a copy of the UPS Flexible Benefits Plan SPD and Plan document. The Plan describes the Short Term Disability and Long Term Disability benefits. We have also enclosed the group insurance policy and certificate of coverage for the Long Term Disability coverage."

26. Upon review of UPS's letter and the documents provided therewith, Plaintiff discovered that there was conflicting information. The "official Plan document" had apparently not been updated since 2010, but listed MetLife as administrator/insurer of LTD claims, and listed Prudential as administrator/insurer of life insurance claims. The Form 5500 still listed Prudential as life insurer, but listed Aetna Life Insurance Company contract number "0001753-DISABIL" for LTD benefits. Insurance policies provided by UPS listed a different Aetna policy for LTD, and listed Securian for life insurance coverage.

27. Seeking clarification of these conflicting documents, Plaintiff wrote again to UPS by letter dated August 15, 2019.

28. Plaintiff's August 15, 2019 letter was sent by certified mail on that date and was delivered to UPS on August 20, 2019.

29. In his August 15, 2019 letter, Plaintiff explained the conflicts presented in paragraph 29 above and requested clarification from UPS, as Plan Administrator of the Plan.

30. UPS never responded to Plaintiff's August 15, 2019 letter.

## FIRST CAUSE OF ACTION
## TO ENJOIN ACTS WHICH VIOLATE ERISA AND TO ENFORCE ERISA PURSUANT TO 29 U.S.C. § 1132(a)(3)

31. The ERISA statute, at 29 U.S.C. § 1102(a), states that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." Such plans must "describe any procedure under the plan for the allocation of responsibilities for the operation and administration of the plan..." 29 U.S.C. § 1102(b).

32. The same section requires that any plan documents must be "sufficiently accurate and comprehensive to reasonably apprise [] participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a).

33. 29 U.S.C. § 1022(a) states that "a summary plan description of any employee benefit plan shall be furnished to participants... [and it] shall include the information described in subsection (b) ... written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan."

34. 29 U.S.C. § 1022(b) states than an SPD must contain information including "the source of financing of the plan and the identity of any organization through which

benefits are provided," "the procedures to be followed in presenting claims for benefits under the plan...", "the remedies available under the plan for the redress of claims which are denied in whole or in part," and other information.

35. The UPS Flexible Benefits Plan SPD does not meet the requirements of the above-quoted sections of ERISA.

36. The SPD does not meet the requirements of ERISA because it does not state a procedure for amending the Plan.

37. By listing the incorrect LTD insurer in the SPD, UPS has failed to meet the requirements of ERISA, because they are thereby stating the wrong source of funding for LTD benefits, the wrong party to whom LTD claims should be presented, the wrong party responsible for deciding LTD claims, and the wrong party for deciding LTD appeals, all of which are required to be stated in an "accurate and comprehensive" manner in the plan documents.

38. By listing the incorrect life insurer in the SPD, UPS has failed to meet the requirements of ERISA, because they are thereby stating the wrong source of funding for life insurance benefits, the wrong party to whom claims under the life insurance plan should be presented, the wrong party responsible for deciding such claims, and the wrong party for deciding appeals for such benefits, all of which are required to be stated in an "accurate and comprehensive" manner in the plan documents.

39. When Plaintiff requested information from UPS regarding the Plan as described in this Complaint, he received inaccurate information from UPS in response.

40. When Plaintiff sought clarification of UPS's inaccurate plan documents, UPS did not respond.

41. 29 U.S.C. § 1132(a) states that "A civil action may be brought ... (3) by a participant ... to enjoin any act or practice which violates any provision of this subchapter ... or (ii) to enforce any provision of this subchapter..."

42. UPS and the Plan have violated Subchapter I of ERISA by failing to ensure that required plan documents are accurate and contain the information required by the statute.

43. UPS and the Plan have violated Subchapter I of ERISA by failing to provide accurate information to Plaintiff, a plan participant, upon his written request.

44. UPS should be enjoined to update its plan documents, to keep accurate plan documents going forward, and to respond to all plan participant requests for information with accurate and complete information about the plan, as required by ERISA.

## SECOND CAUSE OF ACTION
## FOR PENALTIES PURSUANT TO 29 U.S.C. § 1132(c)

45. The ERISA statute, at 29 U.S.C. § 1132(a)(1)(A), provides that a civil action may be brought by a plan participant for the relief provided for in subsection (c) of that section.

46. 29 U.S.C. § 1132(c) states that any ERISA plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... within 30 days after such

request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to [$110][1] a day from the date of such failure..."

47. Plan Administrators are required to provide, on written request, accurate plan documents which reasonably apprise a participant of the operation of the plan, including how to submit a claim, how the plan is funded, how claims are decided and appealed, and other information.

48. In Plaintiff's June 18, 2019 letter to the Benefits Committee, he requested plan documents concerning STD and LTD benefits, as well as any other plan documents for benefit plans which provided any benefit in the event of a disability.

49. Plaintiff's June 18, 2019 letter was mailed on that date, and was delivered to UPS at 55 Glenlake Parkway Northeast, Atlanta, Georgia 30328 on June 21, 2019.

50. 55 Glenlake Parkway Northeast, Atlanta, Georgia 30328 is the address stated in the plan documents for the Plan Administrator.

51. The Plan Administrator of the UPS Flexible Benefits Plan actually received Plaintiff's June 18, 2019 letter.

52. The plan documents which UPS sent on July 26, 2019 in response to Plaintiff's first letter were not accurate.

53. The plan documents which UPS sent on July 26, 2019 in response to Plaintiff's first letter failed to meet the requirements of ERISA as described elsewhere in this complaint, including in paragraphs 36-38.

---

[1] The ERISA statute states the penalty is up to $100 per day. The maximum penalty amount was later adjusted to $110 per day by regulation. 29 C.F.R. § 2575.502c-1.

PLAINTIFF'S COMPLAINT                9

54. The plan documents were not sufficiently accurate and comprehensive to reasonably apprise Plaintiff of his rights and obligations under the plan.

55. Plaintiff sent a second letter, explaining what was unclear to him about the plan documents and requesting clarification from the Plan Administrator.

56. Plaintiff's second letter, dated August 15, 2019, was mailed to the Plan Administrator on that date.

57. Plaintiff's second letter was delivered to the Plan Administrator's address on August 20, 2019.

58. UPS never responded to Plaintiff's second letter.

59. A complete and accurate response to Plaintiff's first letter requesting plan documents was due no later than July 18, 2019.

60. Because UPS has never provided accurate plan documents in response to Plaintiff's first request, penalties should be assessed at a daily rate of $110 per day, beginning on July 19, 2019, and continuing until such time as UPS provides accurate plan documents.

61. A complete and accurate response to Plaintiff's second request for plan documents was due no later than September 14, 2019.

62. 29 U.S.C. § 1132(c) states that "each violation" of the law "shall be treated as a separate violation."

63. UPS's failure to supply accurate plan documents in response to Plaintiff's second letter should be treated as a separate violation.

64. Because UPS has never provided any response whatsoever to Plaintiff's second request, penalties should be assessed at a daily rate of $110 per day, beginning on September 15, 2019, and continuing until such time as UPS provides accurate plan documents.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant him the following relief in this case:

### On Plaintiff's First Cause of Action:

65. A finding in favor of Plaintiff against the Defendants;

66. A finding that UPS's failure to establish and maintain the UPS Flexible Benefits Plan pursuant to accurate plan documents violates the ERISA statute;

67. An order compelling UPS to correct its plan documents and to maintain accurate plan documents in the future;

68. An order compelling UPS to provide accurate information about its benefits plans to plan participants when they request it;

69. Plaintiff's reasonable attorney fees and costs; and

70. Such other relief as this court deems just and proper.

### On Plaintiff's Second Cause of Action:

71. A finding in favor of Plaintiff against UPS, as Plan Administrator of the UPS Flexible Benefits Plan;

72. Penalties as the Court finds appropriate under 29 U.S.C. § 1132(c) for UPS's failure to provide accurate plan documents in a timely manner in response to Plaintiff's first

request;

73. Penalties as the Court finds appropriate under 29 U.S.C. § 1132(c) for UPS's failure to provide any response to Plaintiff's second request for information; and

74. Plaintiff's reasonable attorney fees and costs.

Dated this 22nd day of May, 2020.

                              Respectfully submitted,

                          BY:    *s/Jeremy L. Bordelon*
                                     Jeremy L. Bordelon, OSB No. 160789